STATE of Tennessee ex rel. Robert F. SMITH, Commissioner of Transportation, Petitioner-Plaintiff,

v.

**J. H. OVERSTREET,**
Respondent-Defendant.

Supreme Court of Tennessee.

Jan. 15, 1979.

William M. Leech, Jr., Atty. Gen., Donald L. Corlew, Asst. Atty. Gen., Nashville, J. H. Reneau, III, Celina, Sp. Counsel, for petitioner-plaintiff.

T. Eugene Jared, Cookeville, for respondent-defendant.

OPINION

HARBISON, Justice.

This is the second appeal of a condemnation proceeding occasioned by a highway

project. The previous opinion of this Court is reported, *State ex rel. Smith v. Overstreet*, 533 S.W.2d 283 (Tenn.1976). In it the factual background and the basic claims of the parties are discussed in some detail. These need not be repeated here.

Pursuant to that opinion, the case was remanded for a new trial limited to the single issue of moving expenses, past or future, made necessary by the taking of a six-acre tract upon which respondent was conducting a sawmill and lumber business. All other damages awarded to respondent in the first trial were affirmed.

Upon retrial, the jury awarded respondent the sum of $66,572 for expenses in removing his sawmill, its equipment and a large inventory of lumber stored on the premises, together with the estimated cost of reassembling, reconnecting and installing the mill in a new location, pursuant to T.C.A. § 23–1414.

Of the foregoing amount, $24,344 represented past or estimated future costs in connection with the removal and reinstallation of the milling machinery, stakes and timbers used in stacking the inventory for drying, and sums expended by respondent in removing a portion of the inventory off the condemned premises onto adjacent property. The latter item amounted to $2500. Its propriety was not contested by the condemnor, and we assume that it was properly considered by the jury.[1]

In its assignments of error, petitioner contests several items included in the award for removal of equipment. In particular it attacks the credibility of respondent and his witnesses as to the estimated costs of reinstalling the sawmill at another location. Respondent vacated the condemned site early in 1972. Although he operated another sawmill elsewhere, he had not relocated or reinstalled the mill in question by the time of the second trial, which occurred in September 1976. Petitioner insists that the lapse of such a period of time, together with alleged poor storage and maintenance

of the equipment on a farm owned by the respondent, demonstrates that respondent had no intention of reinstalling or reconnecting the mill, and that these estimated future expenses were not shown to be reasonably necessary within the purview of T.C.A. § 23–1414.

■ We are of the opinion that these assignments of error are not well taken. The credibility of the witnesses and the inferences to be drawn from their testimony were proper issues for resolution by the jury. Accordingly we affirm the award of $24,344 and overrule all assignments of error addressed to the items of damages embraced in that portion of the verdict.

The remainder of the verdict, $42,228, represented alleged freight and shipping costs incurred by respondent in connection with the sale and liquidation of his inventory of seasoned and green lumber stored on the condemned site. It is insisted by respondent that this item represented necessary costs of removal of the inventory and was recoverable as moving expenses under T.C.A. § 23–1414.

In the previous opinion of the Court, it was pointed out that respondent did not in fact remove the major portion of his inventory to another site, but rather sold it to other persons in the lumber business. In the first trial, he introduced estimates of the costs of removing the inventory, but the Court held that such costs could not be allowed on the basis of estimates unless they had in fact been incurred. In this case, all removal had occurred before the first trial, so that there was no question as to estimated future costs insofar as inventory was concerned. In the previous opinion, the Court said:

"In the present case, respondent offered testimony as to what it would have cost to remove the inventory on hand at the date of the taking, but at the same time his proof showed that he did not incur these expenses, except for approxi-

1. In his reply brief counsel for respondent states that this item was omitted from a list or computation prepared for exhibition to the jur-ors, but there was testimony concerning the item in the record.

mately $2500, expended in removing the remnants of the inventory 'right at the last.' One of the purchasers of the inventory did testify that respondent removed some of the lumber which was purchased by this witness, but the amount of expense incurred by the respondent in doing so is not shown in the record. Had this been shown, or if it can be shown at the new trial, this item of expense would be recoverable, in our opinion, under the provisions of T.C.A. § 23–1414." 533 S.W.2d at 289.

The trial court was held to be in error in permitting the jury to consider "estimated removal costs which were never actually incurred and which in fact will never be incurred." In addition the Court said:

> "Further, the trial court should not have permitted introduction of testimony as to the alleged loss of profits from the liquidation of the inventory. No evidence along either of these lines will be permitted upon the retrial of this case. Respondent should, however, be permitted to prove the amount actually expended by him in the removal of inventory, including that sold to the purchasers, if such evidence is available and the amounts can reasonably be ascertained." 533 S.W.2d at 290.

Upon retrial of the case, however, it again conclusively appeared that the respondent did not in fact remove anything but the remnants of his inventory to adjacent property. Aside from these remnants, he sold approximately two percent on the site, and shipped the remainder to purchasers at distant points, much of it going to a single customer in Bristol, Tennessee, a distance of some three hundred miles. Other portions were shipped to customers in North Carolina, South Carolina and Virginia. The record of the first trial was silent as to the terms of sale. At retrial, it was

shown that under all of the sales contracts respondent paid the shipping costs, the sales being "F.O.B. Purchaser's Destination." These were the usual and customary terms upon which respondent sold his lumber, the testimony being clear that he always bore the expenses of shipping in connection with regular sales. The purchaser from Bristol testified that his company never absorbed freight costs in buying from any independent mill operator such as respondent. While respondent insisted that these were "forced" sales, and that he was required to accept a reduced price, nevertheless freight and shipping costs were a regular and necessary expense in the conduct of his business.

At the time of the taking involved in this case, T.C.A. § 23–1414 authorized recovery for removal and drayage up to a distance of ten miles from the condemned premises. Accordingly, respondent testified that the sum claimed by him as moving expenses in connection with the major portion of his inventory represented only that amount which it would have cost to transport the inventory for ten miles, although in fact most of it was shipped a much greater distance.[2]

As pointed out in the first opinion of this Court, prior to 1951 there was no provision in the state statutes for the cost of removal of personal property or fixtures in condemnation proceedings. In numerous cases decided prior to that date, it had been held that the constitutional requirements of just compensation to a property owner did not embrace damages for such removal or loss of value in connection therewith. Cases decided since the adoption of T.C.A. § 23–1414 have held that not all pecuniary losses suffered by a landowner from eminent domain are compensable, but only those authorized by the statutory provisions. See 533 S.W.2d at 287–288.

2. Respondent testified that his daughter kept his books. Apparently he also employed an accountant. He said that detailed records existed as to his expenses for labor, machinery, etc. However, he produced only rough estimates and notes prepared for trial in support of all of the damages which he claimed, despite the fact that a substantial portion of these consisted of historical, not future, costs and expenses. No actual shipping documents, invoices or primary records of any sort were introduced. Neither respondent's daughter nor his accountant testified.

After discussion of the authorities, the Court stated:

"It is apparent from these cases that the Tennessee statute permits recovery only of moving expenses which have actually been incurred at the date of the trial or which can be shown by testimony to be reasonably necessary in the future and which can be accurately estimated by such testimony." 533 S.W.2d at 289.

█ In our opinion, the shipping and freight costs, estimated at $42,228, which respondent claims under the record of the second trial, were not demonstrated to be moving expenses falling within the purview of T.C.A. § 23–1414, and the jury should not have been allowed to consider them as such. These were normal operating expenses incurred in the sale of merchandise through regular trade channels. Although hypothetically tailored by the respondent and his witnesses to the ten-mile distance prescribed by statute, these do not represent extra-ordinary removal costs as were contemplated by the legislature. Respondent elected to liquidate most of his inventory by sales rather than to remove it to another site. He contracted with the purchasers to pay the shipping costs, as was normal and customary in the business. What his actual shipping costs were is not revealed in the record. Respondent has attempted to shift an estimated portion of these to the condemnor as statutory "moving expenses," or as an approximate equivalent thereof. In our opinion the terms of the statute do not authorize reimbursement under these circumstances.

Accordingly the assignments of error with respect to estimated costs for removal of inventory are sustained, and the amount of $42,228 awarded by the jury will be set aside and disallowed.

The judgment to respondent will be modified and fixed at $24,344, together with interest from the date of taking. Costs incident to this appeal will be taxed equally to the parties, and costs in the trial court will remain as assessed there. The cause is remanded to the trial court for payment of the judgment and for such other proceedings as may be necessary.

HENRY, C. J., COOPER and BROCK, JJ., and HUMPHREYS, Special Justice, concur.